**LYNN MARIE FOUTCH,**

    Plaintiff,

 v.

                                 Case No. 25-CV-59

**LYNN MARIE KNOBLOCH,**

    Defendant.

## ORDER DISMISSING COMPLAINT

Lynn Marie Knobloch was born on September 8, 1964. (Docket # 4, ¶ 7.) Knobloch married Richard George Foutch on August 2, 1993 and changed her surname to Foutch. (*Id.*, ¶ 4.) Thus, in this action, Foutch purports to sue herself pursuant to federal admiralty and maritime law, 28 U.S.C. § 1333. (Docket # 1 at 2.) Foutch consents to proceed before a magistrate judge. (Docket # 5.) Because Foutch and Knobloch are the same person, all parties have consented to the jurisdiction of a magistrate judge. *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. For the reasons explained below, Foutch's complaint is dismissed for failure to state a claim on which relief may be granted.

## ANALYSIS

Although Foutch has paid the filing fee, district courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) (citing 28 U.S.C. § 1915(e)(2)(B)). And the court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

The standards for reviewing dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) are the same as those for reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6). *See DeWalt v. Carter*, 224 F.3d 607, 611–12 (7th Cir. 2000). In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in her favor. *Id.* at 612. Although a complaint need not contain "'detailed factual allegations,'" a complaint that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Foutch alleges that she was born on September 8, 1964, and her birth certificate was filed with the State of Wisconsin on September 28, 1964. Upon the filing of her birth certificate, she alleges she became a "vessel" of the State. (Docket # 1-1 at 24.) Foutch alleges that she suffered a loss of unpaid wages secondary to having not known that a "State Agent" was created by the State of Wisconsin on September 28, 1964. (Docket # 1 at 3.) She now requests "unpaid wages" for the sixty years she has been alive for "use of the vessel," as well as "the release and discharge of all obligations of Lynn Marie Knobloch in order for the plaintiff to reorganize under the County of Knobloch which was been established to work as a private merchant and no longer a public vessel." (*Id.* at 3–4.)

Calling herself a "vessel," Foutch sues under federal admiralty and maritime law. Foutch misunderstands the purpose of this law. Under the Constitution, federal courts possess the authority to create and apply maritime law. *Great Lakes Ins. SE v. Raiders Retreat Realty Co., LLC*, 601 U.S. 65, 69 (2024). As the name implies, maritime law generally addresses "operators of vessels on navigable waters." *See Foremost Ins. Co. v. Richardson*, 457 U.S. 668,

2

Case 2:25-cv-00059-NJ   Filed 02/03/25   Page 2 of 3   Document 8

675 (1982). And a "vessel" is an object "capable of being used as a means of transportation on water." *See Lozman v. City of Riviera Beach, Fla.*, 568 U.S. 115, 120 (2013) (internal citation omitted). In other words, a human being is not a "vessel" under federal maritime law. Thus, Foutch's complaint fails to state a claim on which relief may be granted.

Although a plaintiff whose complaint has been dismissed for failure to state a claim should typically be given at least one opportunity to try to amend her complaint before the entire action is dismissed, there are cases where "it is clear that the defect cannot be corrected so that amendment is futile" and in such cases "it might do no harm to deny leave to amend and to enter an immediate final judgment." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 519–20 (7th Cir. 2015). There is absolutely no basis in law for the relief Foutch seeks under the facts she has alleged. As such, this is one of those rare cases where amendment would be futile. Thus, Foutch's complaint is dismissed.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that Plaintiff's complaint is dismissed for failure to state a claim on which relief may be granted. The clerk of court is directed to enter judgment accordingly. The case is dismissed.

Dated at Milwaukee, Wisconsin this 3rd day of February, 2025.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge