UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LYNN MARIE FOUTCH,

    Plaintiff,

 v.

                                          Case No. 25-CV-59

LYNN MARIE KNOBLOCH,

    Defendant.

---

### ORDER

---

On January 13, 2025, Lynn Marie Foutch filed a complaint against her given name at birth, Lynn Marie Knobloch, pursuant to federal admiralty and maritime law, 28 U.S.C. § 1333. (Docket # 1.) In a decision and order dated February 3, 2025, I dismissed the complaint for failure to state a claim upon which relief may be granted. (Docket # 8.) Judgment was entered the next day. (Docket # 9.)

On March 10, 2025, Foutch filed a document entitled "Petition for a Declaratory Judgment." (Docket # 10.) In the petition, Foutch asserts that her complaint was erroneously dismissed. (*Id.* at 5.) Thus, I construe Foutch's petition as a motion for reconsideration. Foutch's motion, however, was filed more than 28 days after entry of the judgment. Accordingly, it is not governed by Fed. R. Civ. P. 59(e). As such, I will consider the motion as a request for relief from judgment pursuant to Fed. R. Civ. P. 60(b).

Under Rule 60(b), a court may relieve a party from a final judgment under multiple articulated circumstances. *See* Fed. R. Civ. P. 60(b). These are:

    (1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

*Id.* "Relief from judgment under Rule 60(b) may be granted at the broad discretion of the trial judge." *Del Carmen v. Emerson Elec. Co., Com. Cam Div.*, 908 F.2d 158, 161 (7th Cir. 1990) (internal quotation and citation omitted). Relief from judgment under Rule 60(b), however, is warranted "only upon a showing of extraordinary circumstances that create a substantial danger that the underlying judgment was unjust." *Id.* (internal quotations and citations omitted).

In her petition, Foutch asserts that Lynn Marie Knobloch is a registered organization, as demonstrated by her birth certificate, thus allowing her to sue herself. (Docket # 10 at 3–5.) I previously considered and dismissed this claim. (Docket # 8.) Foutch has not demonstrated that relief from judgment is warranted. Foutch's petition for declaratory judgment (Docket # 10) is denied.

**IT IS SO ORDERED**.

Dated at Milwaukee, Wisconsin this 22nd day of April, 2025.

BY THE COURT

*Nancy Joseph*

NANCY JOSEPH
United States Magistrate Judge